Daniel J. Morse (NY Bar # 4447371)
Assistant United States Trustee, District of Wyoming
RICHARD A. WIELAND
UNITED STATES TRUSTEE
REGION 19
308 West 21st Street, Room 203
Cheyenne, WY 82001
(307) 772-2793

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: | ) |
| | ) |
| CGO Enterprise LLC, | )  Case No.  12-19010-MER |
| | )  Chapter 11 |
| | ) |
| Debtor. | ) |
| _____ | ) |

### UNITED STATES TRUSTEE'S MOTION TO DISMISS THIS
### CHAPTER 11 CASE PURSUANT TO 11 U.S.C. § 1112(b)

The United States Trustee, through counsel, files this motion for entry of an order dismissing the above-captioned chapter 11 case pursuant to 11 U.S.C. § 1112(b) (the "**Motion**").  The United States Trustee contends that dismissal is appropriate because CGO Enterprise LLC (the "**Debtor**") cannot carry its burden of establishing that it filed its chapter 11 petition in "good faith" in accordance with 11 U.S.C. § 1112(b).  Rather, it is clear Debtor is merely attempting to use the federal bankruptcy process to further its criminal activity of harvesting and selling marijuana.  In support thereof the United States Trustee respectfully states and alleges as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. On May 1, 2012, the Debtor filed a voluntary petition in this Court for relief under chapter 11, Title 11 of the United States Code, 11 U.S.C. §§ 101-1532, as amended (the "**Bankruptcy Code**").

3. The United States Trustee has not appointed a committee of unsecured creditors in Debtor's case.

4. Pursuant to §§ 1107 and 1108 of the Bankruptcy Code, Debtor continues to operate its business and manage its affairs as a "debtor-in-possession."

## STANDING

5. Pursuant to 28 U.S.C. § 581(a)(19), the United States Trustee is charged with administrative oversight of the bankruptcy system in this District. Such oversight is part of the United States Trustee's overarching responsibility to enforce the laws as written by Congress and interpreted by the courts. See United States Trustee v. Columbia Gas Systems, Inc. (In re Columbia Gas Systems, Inc.), 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that United States Trustee has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.), 898 F.2d 498, 500 (6th Cir. 1990) (describing the United States Trustee as a "watchdog").

6. Under § 307 of the Bankruptcy Code, the United States Trustee has standing to be heard on the issues raised by this Motion.

## RELIEF REQUESTED

7. By this Motion, the United States Trustee respectfully requests that this Court enter an order dismissing the above-captioned chapter 11 case pursuant to § 1112(b) of the Bankruptcy Code.

## BASIS FOR RELIEF

8. Section 1112(b) of the Bankruptcy Code provides for the dismissal of bankruptcy cases "for cause," and describes a variety of factors which may constitute "cause" for the dismissal of a chapter 11 case. See 11 U.S.C. § 1112(b). Although a debtor's lack of good faith in filing a petition is not an enumerated ground for dismissal under § 1112(b), courts have overwhelmingly held that proof of such an allegation may be "cause" for dismissal. In re First Assured Warranty Corp., 383 B.R. 502, 543 (Bankr. D. Colo. 2008); see also In re Pacific Rim Investments, LLP, 243 B.R. 768, 772 (D. Colo. 2000). Further, "the key test of good faith in chapter 11 is whether the debtor has

proposed *or can propose a legally* and economically feasible plan of reorganization." In Matter of Strug-Division, LLC, 375 B.R. 445, 449 (Bankr. N.D.Ill. 2007) (emphasis added). As a general rule, the movant bears the burden of proving by a preponderance of the evidence that cause exists for dismissal of a debtor's bankruptcy case. In re Fox, 232 B.R. 229, 233 (Bankr. D. Kan. 1999). However, when lack of good faith is raised as a basis for dismissal for cause, the debtor bears the burden of proving that the filing was made in good faith. Id.

9. In this instance, the Debtor cannot carry its burden of establishing that its chapter 11 petition was filed in good faith. Specifically, Debtor cannot show that it will be in a position to confirm a chapter 11 plan in accordance with § 1129 of the Bankruptcy Code. This is because Debtor's Schedules makes clear Debtor will be required to fund any chapter 11 plan from its activities of cultivating and selling medical marijuana.[1] It is well known that the cultivation and distribution of marijuana for profit would be a criminal violation of the federal Controlled Substances Act and other narcotics statutes. See 21 U.S.C. §§ 812(c), 841(a)(1), 844(a); see also Gonzalez v. Raich, 545 U.S. 1 (2005) (upholding power of Congress to prohibit local cultivation and consumption of marijuana notwithstanding California referendum authorizing use of marijuana for medical purposes). As such, any of Debtor's proposed chapter 11 plans will have to be proposed "by means forbidden by law," and thus cannot be confirmed under § 1129(a)(3) of the Bankruptcy Code. Thus, dismissal is appropriate. See In re Bartle, 560 F.3d 724, 730 (7th Cir. 2009) ("Dismissal is appropriate if it is unreasonable to expect that a reorganization plan can be confirmed.").

10. Furthermore, on May 3, 2012, the Court issued a "Notice of Deficiency For Omission of Information" (the "**Notice**") requiring the Debtor to file certain documents with the Court by May 15, 2012. See Notice of Deficiency For Omission of Information (Doc. # 7). The Notice states that if the Debtor does "not timely file the missing documents, this case will be dismissed." Debtor did not comply with the Notice. As such, failure to comply with the Notice provides another basis for dismissal of this case.

11. Finally, dismissal of this chapter 11 case, rather than conversion to a chapter 7 case, is appropriate because the only assets available for a chapter 7 trustee to administer appear to be the Debtor's marijuana plants and growing equipment. Because the primary use of these objects relates to illegal activity, a chapter 7 trustee cannot administer such assets in a manner that is consistent with law and public policy. See In re Charles George Land Reclamation Trust, 30 B.R. 918, 923 (Bankr. D. Mass. 1983) (ordering dismissal of chapter 7 case where assets of estate could not be administered without violating non-bankruptcy law). Accordingly, the United States Trustee submits that this chapter 11 case should be dismissed.

---

[1] For instance, Debtor's Schedule B reflects that Debtor's principal assets consist of $130,000 in unharvested medical marijuana and another $11,970 in marijuana growing equipment. See Chapter 11 Voluntary Petition (Doc. # 1, at p. 6).

## NOTICE

12. Notice of this Motion has been provided to the Debtor and counsel for the Debtor.

## CONCLUSION

WHEREFORE, the United States Trustee requests that the Court dismiss the above-captioned chapter 11 case under § 1112(b) of the Bankruptcy Code and enter the proposed order attached hereto as **Exhibit A** and for such other and further relief as the Court deems just and appropriate.

Dated: May 16, 2012.

    Respectfully submitted,

    RICHARD A. WIELAND
    UNITED STATES TRUSTEE
    REGION 19

    /s/ Daniel Morse
    By: Daniel J. Morse
    Assistant U.S. Trustee
    308 West 21st Street, Room 203
    Cheyenne, WY 82001
    Direct Line: 307-772-2793

# EXHIBIT A
# PROPOSED ORDER

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | |
| CGO Enterprise LLC, ) | Case No. 12-19010-MER |
| ) | Chapter 11 |
| ) | |
| Debtor. ) | |
| _____) | |

### ORDER GRANTING THE UNITED STATES TRUSTEE'S
### MOTION TO DISMISS
_____

This matter came on before the Court on the United States Trustee's Motion to Dismiss. The Court finding that notice of that motion has been adequate and good cause has been shown for granting that motion:

**IT IS ORDERED** that the above-captioned case be, and hereby is, dismissed.

Dated:_____

By the Court:

_____
The Honorable Michael E. Romero
United States Bankruptcy Judge